(7 App. Div. 295)

VAN NEST LAND & IMPROVEMENT CO. v. NEW YORK & WEST-CHESTER WATER CO.

(Supreme Court, Appellate Division, First Department.    June 29, 1896.)

INJUNCTION—WHEN CONTINUED PENDENTE LITE.
    A temporary injunction restraining defendant, who furnished water to plaintiff under a contract, from cutting off the water, on the ground that plaintiff refused to pay the price named in the contract, will be continued pendente lite, where the only question between the parties is as to the amount due under the contract.

Appeal from special term, New York county.

Action by the Van Nest Land & Improvement Company against the New York & Westchester Water Company for an injunction to restrain defendant from cutting off plaintiff's water supply.    From an order continuing a temporary injunction, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

Franklin Bien, for appellant.
Alfred B. Cruikshank, for respondent.

INGRAHAM, J.    The defendant, having made a contract with the plaintiff's assignor to furnish water to a certain plot of ground used as a race course, now threatens to cut off the water, upon the ground that the plaintiff or his assignor has refused to pay the price named in the contract for the water when furnished.  The plaintiff alleges that it has tendered the amount actually due, and the sole question between the parties is as to the amount due under the contract.    No doubt is presented as to the responsibility of either of the parties, the plaintiff expressly offering in the complaint to pay the amount that the court should find due the defendant. It further appears that it will cause the plaintiff great injury if the water supply is cut off.    Upon this state of facts, the court below enjoined the defendant from cutting off the water during the pending of this action.

Without attempting to determine the question at issue between the parties in this action, we think that this was a proper case for the court below, in the exercise of its discretion, to require the defendant to refrain from doing an act which would cause the

plaintiff great injury, which would be a violation of its contract, and to maintain the existing condition between the parties until, by a trial, the question as to the amount due between the parties can be determined. It is manifestly difficult to determine the question as to how much allowance should be made to the plaintiff under the contract, because of a failure by the defendant to comply with the contract on its part. That can only be done upon a more extended examination than could be had upon a motion of this character, where no cross-examination is possible, and where the witnesses are not before the court. The plaintiff, however, does not appear to be liable to the defendant for the amount actually due under the contract; and we think that, before the defendant should be enjoined from discontinuing its service, the plaintiff should give a bond conditioned for the payment of any amount found by the court to be due under the contract. The order below is therefore modified by providing that the injunction shall be continued upon the plaintiff's filing with the clerk of this court a bond, with two sureties to be approved upon justification in the penalty of $10,-000, conditioned for the payment of any sum found due by the court, on the trial of this action, to the defendant under the contract alleged in the complaint; that, in the event of the failure to give such bond within 10 days after service of a copy of this order, the injunction be vacated.

The order, thus modified, is affirmed, without costs. All concur.